Filed 11/8/22  P. v. Nevarez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B318952 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA041127) |
| v. | |
| DAVID DANIEL NEVAREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Juan Carlos Dominguez, Judge. Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## BACKGROUND

In 1999, defendant and appellant David Daniel Nevarez was convicted by a jury of two counts of robbery (Pen. Code, § 211)[1] and petty theft with a prior theft conviction (§ 666), and one count of burglary (§ 459). The trial court found that defendant had previously suffered two prior "strike" convictions and one prior prison term. (§§ 667, 667.5, subd. (b), & 1170.12.) Defendant appealed, and we affirmed the convictions but remanded the matter for resentencing. (*People v. Nevarez* (Oct. 24, 2000, B132831) [nonpub. opn.], at pp. 2, 13.)

On remand, the trial court reimposed the two 25 years to life sentences running consecutively and imposed two years as enhancements for the prior prison term. Defendant again appealed, and we modified the judgment by striking an unauthorized term of defendant's punishment. (*People v. Nevarez* (May 13, 2003, B155431) [nonpub. opn.], at p 3.)

In 2021, the Legislature passed, and the Governor signed, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Sen. Bill 483). Sen. Bill 483 added section 1171.1, which renders "legally invalid" "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense[.]" (§ 1171.1, subd. (a).) Pursuant to section 1171.1, defendant filed a motion to strike the one-year enhancement attributable to his prior prison term. The trial court denied his motion, and defendant appeals.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

### I. *We lack jurisdiction to correct the unauthorized sentence*

In accordance with our recent decision in *People v. King* (2022) 77 Cal.App.5th 629 (*King*), we dismiss defendant's appeal for lack of jurisdiction.

In *King*, the defendant "was charged with multiple sex offenses, all committed against a single victim on one day in 1985." (*King*, *supra*, 77 Cal.App.5th at p. 633.) In 1986, he was convicted and sentenced to a determinate term of 105 years in state prison. (*Ibid*.) In 2021, he filed a motion to vacate an unauthorized sentence. (*Ibid*.) We held that although defendant "correctly contend[ed] that the sentence . . . was unauthorized, . . . the trial court had no jurisdiction to entertain [his] motion to vacate his sentence, and therefore this court [had] no appellate jurisdiction to entertain the appeal." (*Ibid*.)

In so ruling, we noted "[t]he general rule . . . that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' [Citations.]" (*King*, *supra*, 77 Cal.App.5th at p. 634.)

Here, because defendant began serving his modified sentence in 2003, the trial court did not have jurisdiction to rule on defendant's motion; even though defendant's sentence is no longer authorized, neither do we.

### II. *We decline to treat this appeal as a petition for habeas corpus*

In *King*, we noted that "a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed

petition for a writ of habeas corpus." (*King*, *supra*, 77 Cal.App.5th at p. 637.) Applying this principle, defendant asks that we treat his appeal as such a petition. We decline to do so as defendant has an adequate remedy at law.[2] (*In re Cook* (2019) 7 Cal.5th 439, 452 [because the defendant had "a plain, speedy, and adequate remedy at law," "resort[ing] to habeas corpus [was] unnecessary"]; *Michelle K. v. Superior Court* (2013) 221 Cal.App.4th 409, 433 ["habeas corpus is appropriate only when there are no other available and adequate remedies; it may not be used to avoid otherwise available and adequate remedies"].)

Section 1171.1, subdivision (b), provides, in relevant part: "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1171.1, subd. (b).) Subdivision (c) continues: "Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1171.1, subd. (c).) As is relevant here, subdivision (c)(2) mandates that the trial court review and

---

[2] We reach this decision regardless of whether the procedure set forth in section 1171.1 is exclusive.

4

resentence defendant by December 31, 2023. (§ 1171.1, subd. (c)(2).)

Under the express terms of the statute, defendant will be resentenced by December 31, 2023, well before he begins to serve any time on account of the now invalid enhancement.[3] It follows that we need not treat his appeal as a petition for habeas corpus.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
CHAVEZ

---

[3] Thus, there is no harm in defendant either waiting for the California Department of Corrections and Rehabilitation to act as anticipated by section 1171.1 or filing a new petition for habeas corpus.